UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                :

LAGUARDIA USA, LLC (OTG              :      **ORDER DENYING PETITION**
MANAGEMENT) at LAGUARDIA             :      **TO VACATE ARBITRATION**
INTERNATIONAL AIRPORT,               :      **AWARD**
                                                :
                        Petitioner,    :
                                                :      20 Civ. 9163 (AKH)
             v.                      :
                                                  :
UNITE HERE LOCAL 100,                :
                                                :
                       Respondent.    :
                                                :
                                                :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner commenced this action to vacate an arbitration award arising from its

discharge of an employee.  Respondent, the union representative of the discharged employee,

opposed the petition and requested an award of attorney's fees and costs against Petitioner.  For

the reasons discussed below, Petitioner's petition to vacate and Respondent's request for a fee

award are both denied.

## BACKGROUND

        This case arose from the discharge of a server at a food court managed by

Petitioner.  *See* ECF No. 1, at ¶ 4.  Respondent is the union representative of the discharged

server under a collective bargaining agreement ("CBA"), entered between Petitioner and

Respondent on November 19, 2011.  *Id.* at ¶ 13.  Pursuant to the CBA, on September 1, 2020, a

mutually-selected arbitrator ("Arbitrator") heard Respondent's grievance, alleging that Petitioner

discharged the server without just cause.  *Id.* at ¶ 7.  The parties stipulated one issue for the

Arbitrator to decide:  Did Petitioner have just cause to discharge the server, and if not, what

should be the appropriate remedy. *Id.* at ¶ 5. On September 25, 2020, the Arbitrator issued his award and opinion ("Arbitration Award"), concluding that Petitioner failed to establish just cause and converting the discharge into a time-served disciplinary suspension without backpay or benefits. *Id.* at ¶ 7. On October 23, 2020, Petitioner commenced an action in the New York State Supreme Court to vacate the Arbitration Award, contending that the Arbitrator exceeded his authority. *Id.* at ¶ 8. On November 2, 2020, Respondent removed the action to this Court pursuant to the Labor Management Relations Act, 29 U.S.C. § 185(a), invoking the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1441.

## DISCUSSION

There are two issues of contention before the Court. First, Petitioner requests vacatur of the Arbitration Award because the Arbitrator exceeded his authority. *See* ECF No. 1, Ex. B, at 6. Second, in its opposition, Respondent demands an award of attorney's fees and costs against Petitioner. The Court discusses these two issues in turn.

### I. The Arbitrator Did Not Exceed His Authority.

Federal law provides for vacatur of arbitration awards "only in very unusual circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). This reflects the recognition that "[t]he value of arbitration lies in its efficiency and cost-effectiveness as a process for resolving disputes outside the courts, and its tendency to foster a less acrimonious process." *Id*. at 139. "To encourage and support the use of arbitration by consenting parties," a district court "uses an extremely deferential standard of review for arbitral

awards." *Id.*; *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013) ("Because the parties 'bargained for the arbitrator's construction of their agreement,' an arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits." (quoting *Eastern Assoc. Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000))).

Deference to arbitrators is especially important in the labor context, as "[t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960). Under the Labor Management Relations Act, an arbitrator's award arising from a collective bargaining agreement "is legitimate and enforceable as long as it 'draws its essence from the collective bargaining agreement' and is not merely an exercise of the arbitrator's 'own brand of industrial justice.'" *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998) (quoting *Enterprise Wheel*, 363 U.S at 597). Even when an arbitrator has "committed serious error," the award should still be confirmed as long as the arbitrator was "even arguably construing or applying the contract and acting within the scope of his authority." *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

Petitioner's principal argument is that the Arbitrator exceeded his authority in rendering the Arbitration Award. Specifically, Petitioner argues that the CBA expressly provides for "discharge" as a remedy for "willful misconduct," and the remedy of "disciplinary suspension" awarded by the Arbitrator is not provided by the contract. *See* ECF No. 1, Ex. B, at 8. In considering whether an arbitrator has acted outside the scope of his authority, a court "focuses on whether the arbitrator[ ] had the power, based on the parties' submissions or the

arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd*., 304 F.3d 329, 346 (2d Cir. 2010). "[O]nce [the court] determine[s] that the parties intended for the arbitration panel to decide a given issue, it follows that the arbitration panel did not exceed its authority in deciding that issue—irrespective of whether it decided the issue correctly." *Id.*  The court may find that an arbitrator exceeded his authority when it is "clear that the arbitrator *must* have based his award on some body of thought, or feeling, or policy, or law that is outside the contract (and not incorporated in it by reference)." *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 98 (2d Cir. 1991)) (emphasis in original).  Significantly, an arbitrator may rely on more than the bare terms of a collective bargaining agreement and consider, for example, "industry customs or past practices." *Id*. at 99.

　　　　　Here, the parties stipulated that the issue to be resolved by arbitration was:  "Did the Employer have just cause to discharge the Grievant . . . ?  If not, what shall be the remedy?" ECF No 1, Ex. C, at 5.  The Arbitrator squarely considered and decided the issue stipulated.  He found that "the Employer did not have just cause to discharge the Grievant," because "[t]he Grievant's behavior simply did not arise to a level of deliberate misconduct that warranted termination from employment," and, as a result, the "discharge shall be reduced to a time-served disciplinary suspension without pay." *Id.* at 8.  Petitioner argues that the Arbitrator acted outside of his authority because "disciplinary suspension" is not a remedy provided by the CBA.  The Court disagrees.  Article 18 of the CBA contemplates disciplinary suspension as a remedy when it references "progressive discipline," in contrast to "discharge," and Respondent's right to notice "[i]n the event the Employer decides to *discharge and/or suspend* any Employee." *Id.* at 22–23 (emphasis added).  As such, Petitioner has not shown the Arbitrator based his award "on some

body of thought, or feeling, or policy, or law that is outside the contract," and the strong

deference accorded to arbitral awards under federal law obliges the Court to deny vacatur.

**II.     Respondent Is Not Entitled to the Award of Attorney's Fees and Costs.**

Respondent in its opposition brief asks the Court to award attorney's fees and

costs against Petitioner.  *See* ECF No. 7, at 16.  "Under the prevailing American rule, in a federal

action, attorney's fees cannot be recovered by the successful party in the absence of statutory

authority for the award."  *Int'l Chem. Workers Union (AFL–CIO), Local No. 227 v. BASF

Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir.1985) (citing *Alyeska Pipeline Serv. Co. v. Wilderness

Soc'y*, 421 U.S. 240, 247 (1975)).  "In [the] exercise of their inherent equitable powers,"

however, "courts have routinely awarded attorney's fees in cases where a party merely refuses to

abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the

court," *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4

(S.D.N.Y. May 12, 2008) (collecting cases), or where "opposing counsel acts in bad faith,

vexatiously, wantonly, or for oppressive reasons." *International Chemical*, 774 F.2d at 47.  Here,

Respondent does not allege that there is any statutory basis for a fee award.  *See* ECF No. 10,

at 11.  Neither does Respondent allege that Petitioner refuses to abide by the Arbitration Award

without first challenging it in court.  Petitioner's disagreement with the Arbitration Award

centers on the interpretation of the CBA.  Although Petitioner's arguments do not warrant

vacatur of the Arbitration Award, the Court cannot find that Petitioner, by filing the instant

petition, acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *International

Chemical*, 774 F.2d at 47.  Respondent's request for attorney's fees and costs is denied.

**CONCLUSION**

For the foregoing reasons, the petition to vacate the Arbitration Award and Respondent's request for attorney's fees and costs are both denied.  The Clerk of Court shall terminate the open petition (ECF No. 1) and close the case.  The oral argument scheduled for March 9, 2021, is canceled.


SO ORDERED.

Dated:       March 8, 2021                    _____/s/_____
             New York, New York                       ALVIN K. HELLERSTEIN
                                                       United States District Judge